THE PEOPLE OF THE STATE OF NEW YORK ex rel. INTER-BOROUGH RAPID TRANSIT COMPANY, Appellant, *v.* WILLIAM SOHMER, as Comptroller of the State of New York, Respondent.

*Tax* — New York (city of) — franchise tax upon the subway system.

The corporation which is engaged in operating as lessee both the elevated railroad system and the subway system in New York city is subject to taxation under sections 182 and 184 of the Tax Law (Cons. Laws, ch. 60) upon its right to operate the subways as a corporation. (*People ex rel. Interborough R. T. Co.* v. *Williams*, 200 N. Y. 93; *People ex rel. Cornell Steamboat Co.* v. *Sohmer*, 206 N. Y. 651, followed.)

*People ex rel. Interborough R. T. Co.* v. *Sohmer*, 151 App. Div. 911, affirmed.

(Argued January 7, 1913; decided January 21, 1913.)

People ex rel. Interborough R. T. Co. v. Sohmer.  271

1913.]                    Points of counsel.                    [207 N. Y.]

Appeal from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 24, 1912, which confirmed on certiorari determinations of the defendant revising franchise taxes assessed against relator for the years 1907, 1908, 1909 and 1910.

The facts, so far as material, are stated in the opinion.

*Ralph Norton* and *James L. Quackenbush* for appellant. Relator is not subject to franchise taxes under the provisions of sections 182 and 184 of the Tax Law with respect to its earnings from the operation of the subway or with respect to its capital invested therein. (*People ex rel. M. T. Co.* v. *Miller*, 177 N. Y. 151; *Boyd* v. *Hood*, 57 Penn. St. 98; *Warrington* v. *Furber*, 8 East, 242; Cooley on Taxn. 454; *People ex rel. F. A. B. Co.* v. *Williams*, 198 N. Y. 238; *Matter of Enston*, 113 N. Y. 174.) The relator is exempt from all taxation with respect to its subway operation by section 35 of the Rapid Transit Act, and the effect of sections 182 and 184 of the Tax Law, as construed by the comptroller and by the Appellate Division in this proceeding, in so far as they authorize the imposition of franchise taxes upon relator with respect to its capital invested in equipment of the subway, and with respect to its operation of the subway, impair the obligation of a valid contract, in violation of the provisions of subdivision 1 of section 10 of article 1 of the Constitution of the United States, and deny to relator the equal protection of the laws, in violation of the provisions of the Fourteenth Amendment to the Constitution of the United States. (*G. & S. I. R. R. Co.* v. *Hewes*, 183 U. S. 66; *Wilmington R. R. Co.* v. *Reid*, 80 U. S. 264; *Pacific R. R. Co.* v. *Maguire*, 87 U. S. 36; *Wright* v. *G. R. & B. Co.*, 216 U. S. 420; *Nichols* v. *N. H. & N. Co.*, 42 Conn. 103; *State* v. *B. & O. R. R. Co.*, 48 Md. 49; *G. G., etc., R. R. Co.* v. *Buck*, 53 Miss. 246; *Hancock* v. *Singer Manufacturing Co.*, 62 N. J. L. 326; *Worth* v. *W. & W. R. R. Co.*, 89 N. C.

291; *Worth* v. *P. R. R. Co.,* 89 N. C. 301.) The taxes assessed against the relator, measured by a percentage of its subway earnings, and by a percentage upon its capital invested in subway equipment, are illegal because assessed upon property exempt by law from taxation. (*McCulloch* v. *Maryland,* 4 Wheat. 316; *Pollock* v. *F. L. & T. Co.,* 157 U. S. 429; 158 U. S. 601.)

*Thomas Carmody, Attorney-General* (*Franklin Kennedy* of counsel), for respondent. The relator was properly taxed by the comptroller on the exercise of its corporate franchises under sections 182 and 184 of the Tax Law, measured by its subway operations. (*Home Ins. Co.* v. *New York;* 134 U. S. 594; *City of New York* v. *Bryan,* 196 N. Y. 158; *Lord* v. *E. L. Assur. Assn.,* 194 N. Y. 212; *People* v. *O'Brien,* 111 N. Y. 1; 138 N. Y. 543; 174 N. Y. 475; 116 App. Div. 30.)

Werner, J. This appeal is, in effect, a supplement to a similar appeal brought to this court by the same relator in 1910 against the then comptroller of the state of New York. (*People ex rel. Interborough R. T. Co.* v. *Williams,* 200 N. Y. 93.) The opinion in the former proceeding sets forth in detail the history of the so-called rapid transit legislation and contracts, with a statement of the rights and obligations which the relator acquired and assumed under them. There the record disclosed that the relator was engaged in operating, as lessee, the elevated railroad system in New York city, as well as the subway system referred to in the rapid transit contracts. The comptroller levied a tax for the years 1907, 1908 and 1909 upon the gross earnings which the relator derived from both systems, and upon the dividends in excess of four per centum, and he sought to justify the tax under the provisions of section one hundred and eighty-five of the Tax Law (Cons. Laws, ch. 60), which provides that " every corporation  *  *  *  owning or operating any elevated rail-

People ex rel. Interborough R. T. Co. *v.* Sohmer.   273

1913.]          Opinion, per Werner, J.          [207 N. Y.]

road or surface railroad not operated by steam, shall pay to the state for the privilege of exercising its corporate franchise or carrying on its business in such corporate or organized capacity within this state, an annual tax which shall be one per centum upon its gross earnings from all sources within this state, and three per centum upon the amount of dividends declared or paid in excess of four per centum upon the actual amount of paid up capital employed by such corporation * * *." The comptroller decided that this section of the Tax Law (185) authorized the imposition of a tax, at the rate named, in respect of the subways as well as the elevated road. This was held to be error. We decided that, under the provisions of section 185 the relator was taxable only in respect of its operation of the elevated road. This conclusion, which was based upon our construction of the above-quoted provisions of section 185, necessarily involves the construction of section 183 of the Tax Law, under which the relator claims exemption from taxation in respect to the operation of its subways. That section, so far as material, provides that "corporations * * * owning or operating elevated railroads or surface railroads not operated by steam * * *, and liable to a tax under sections one hundred and eighty-five and one hundred and eighty-six of this chapter, shall be exempt from the payment of taxes prescribed by section one hundred and eighty-two of this chapter." We hold that this exemption does not apply to the subways, but only to the elevated road in respect of which a tax has been levied under section one hundred and eighty-five.

The questions necessarily decided and involved in the former appeal (200 N. Y. 93) were, therefore, as follows: *First.* That the relator is not entitled to total exemption from taxation by reason of the provisions of section thirty-five of the Rapid Transit Act (L. 1894, chapter 752, sec. 35) for the reasons stated in our former opinion. *Second.* Under section one hundred and eighty-five

18

of the Tax Law, the relator is liable to a franchise tax only upon its elevated road and not upon its subways. *Third.* Under the provisions of section one hundred and eighty-three of the Tax Law, the relator was not entitled to exemption from franchise taxation in respect of its subways, but only in respect of its elevated road, as to which it is taxable under the provisions of section one hundred and eighty-five of the Tax Law.

In addition to what was actually decided and directly involved on the former appeal, the court expressed the view that the relator, although not taxable in respect of the subways under section one hundred and eighty-five, is taxable for the right to be a corporation and to exercise its corporate franchise under sections one hundred and eighty-two and one hundred and eighty-four.

The matter is now again before us on an appeal from the comptroller's revision of the taxes levied under all these sections. To the extent of the tax under section one hundred and eighty-five, relating to the franchises connected with the elevated road, there is now no complaint by either party. As to amount of the taxes levied under sections one hundred and eighty-two and one hundred and eighty-four there is no question, if there is any right to levy a tax under them, but the relator asserts that, having paid its tax under section one hundred and eighty-five, it is wholly exempt from all other franchise taxation.

We think there is no room for doubt as to the meaning and effect of sections one hundred and eighty-two and one hundred and eighty-four. These sections are broad enough to authorize the tax which the comptroller has now levied upon the relator's right to operate the subways as a corporation. Section one hundred and eighty-two provides that "For the privilege of doing business or exercising its corporate franchises in this state, every corporation, * *. * doing business in this state, shall pay to the state treasurer annually, in advance, an annual tax to be computed upon the basis of the amount of its

capital stock, employed during the preceding year within this state, and upon each dollar of such amount." Then follows a statement of the method by which the amount shall be measured. The quoted language of this section is unmistakably plain and comprehensive. It includes "every corporation" doing business within the state, and distinctly declares that it is a tax "for the privilege of doing business or exercising corporate franchises in this state." Equally plain is the language of section one hundred and eighty-four, under which the comptroller has levied an additional franchise tax upon the relator in respect of its subway system. That section is entitled "Additional franchise tax on transportation and transmission corporations." It provides that "Every corporation * * * formed for steam surface railroad * * * and every other *transportation* corporation not liable to taxation under sections one hundred and eighty-five or one hundred and eighty-six of this chapter, shall pay * * * an annual excise tax or license fee which shall be equal to five-tenths of one per centum upon its gross earnings within this state," etc. This is an additional franchise tax in the nature of a license fee, which is imposed only upon transportation corporations as distinguished from general corporations, and we so held in *People ex rel. Cornell Steamboat Co.* v. *Sohmer* (206 N. Y. 651).

The order of the Appellate Division confirming the determination of the comptroller should be affirmed, with costs.

CULLEN, Ch. J. I concur in the opinion of Judge WERNER. So far as it is contended that the relator is exempt from taxation with respect to its subway operations, by virtue of section 35 of the Rapid Transit Act, the point is the same as that presented in *People ex rel. Cornell Steamboat Company* v. *Sohmer* (206 N. Y. 651). The tax is imposed on the relator not for the franchise of

operating the subway, but for being a corporation and operating the subway in that capacity instead of as individuals, partners or tenants in common.   There is nothing in the section of the Rapid Transit Act cited that gives the person or persons who contract with the municipality the right to be a corporation, and what the relator is now charged for is merely that privilege.

WILLARD BARTLETT, HISCOCK, CHASE, COLLIN and HOGAN, JJ., concur with WERNER, J., and CULLEN, Ch. J., concurs in memorandum.

Order affirmed.