## STATE OF NEW YORK, EX REL. INTERBOROUGH RAPID TRANSIT COMPANY v. SOHMER, COMPTROLLER OF THE STATE OF NEW YORK.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 129. Argued January 18, 19, 1915.—Decided April 12, 1915.

An exemption from taxation of a person constructing and operating a railroad in respect to his or their interest therein under said contract and in respect to the rolling stock and other equipment of the railroad does not extend to a tax or the privilege to operate as a corporation in case the parties decide to operate the road in a corporate form.

The Court of Appeals of New York having held that the right to be a corporation was not an interest under the New York subway contract involved in this case, and that the exemption from taxation contained in that contract did not extend to such privilege, this court accepts that construction although it is not conclusive upon it.

207 N. Y. 270, affirmed.

THE facts, which involve the validity of certain assessments and provisions of the tax statutes of the State of

New York under the contract clause of the Federal Constitution, are stated in the opinion.

*Mr. George W. Wickersham* and *Mr. Ralph Norton*, with whom *Mr. James L. Quackenbush* was on the brief, for plaintiff in error:

The contracts authorized by the legislature of New York exempted the person, firm or corporation operating the railways constructed under their provisions from all taxation in any form, whether under the guise of a franchise tax or otherwise, in respect to his, its or their interest under the contract, and in respect to the rolling stock and all other equipment of said road, excepting real property owned or employed by it in connection therewith.

The legislature and the parties to the contract understood and intended that contracts under the Rapid Transit Act should be made between the city and a corporation, and that the exemption clause should protect the latter from any form of taxation which should affect its interest under such contracts.

The contract for exemption, binding upon the State in favor of the original contractors in contracts Nos. 1 and 2 respectively from the date of their execution, enured to the benefit of the plaintiff in error upon the assignment to it of those contracts pursuant to the provisions of the amending act of 1902, and became operative from and after the commencement of operation by it of the railways constructed under said respective contracts.

Until the effort to tax plaintiff in error on its franchises under the Consolidated Laws of 1909 (chapter 62), the decisions of the courts uniformly sustained its claim of immunity under the contracts and statutes above cited.

The literal construction given by the Court of Appeals to the provisions of §§ 182 and 184 of the Consolidated Tax Law of 1909 is as erroneous as was the literal construction of § 185 which was condemned by that court;

but if such construction is sound, or binding upon this court, the statute is void as against plaintiff in error, because it impairs the obligation of the contracts exempting it from taxation in respect to its interests under those contracts.

The impairment of the obligation of its contracts which exempt it from taxation, complained of by plaintiff in error, is occasioned by the construction given by the state courts of New York to statutes enacted subsequently to the acts of the legislature authorizing such contracts of exemption, and statutes enacted subsequently to the making of said contracts.

The assessments, in so far as they are based upon dividends on the capital stock of the plaintiff in error, all of which is invested in the equipment and operation of the rapid transit railways, and upon the gross earnings derived from such operation, are in direct violation of the exemption from taxation under which plaintiff in error entered into contracts for the equipment and operation of such railways, and constitute a taking of its property without due process of law, contrary to the Fourteenth Amendment.

On the whole case, therefore, it is submitted that the state court erred in holding plaintiff in error subject to taxation under §§ 182 and 184 of the Tax Law upon its capital stock, based upon the dividends earned and declared thereon, and upon its gross earnings from the rapid transit railways; and that the judgment of the state court should be modified accordingly.

In support of these contentions, see *Central R. R.* v. *Georgia*, 92 U. S. 655; *Chicago &c. R. R.* v. *Chicago*, 166 U. S. 226; *Delaware &c. R. R.* v. *Pennsylvania*, 198 U. S. 341; *Flint* v. *Stone Tracy*, 220 U. S. 107; *Gulf &c. R. R.* v. *Hewes*, 183 U. S. 66; *Grand Gulf &c. R. R.* v. *Buck*, 53 Mississippi, 246; *Gordon* v. *Appeal Tax Court*, 3 How. 133; *Hancock* v. *Singer Mfg. Co.*, 62 N. J. L. 326; *Home Ins.*

*Co.* v. *New York*, 134 U. S. 594; *McCoach* v. *Minehill R. R. Co.*, 228 U. S. 295; *Mobile & Ohio R. R.* v. *Tennessee*, 153 U. S. 486; *McCullough* v. *Virginia*, 172 U. S. 102; *Muhlker* v. *New York &c. R. R.*, 197 U. S. 544; *N. Y. Term. Co.* v. *Gaus*, 204 N. Y. 512; *N. Y. Cent. R. R.* v. *Miller*, 202 U. S. 584; *Nichols* v. *N. H. & Northampton Co.*, 42 Connecticut, 103; *Met. St. Ry.* v. *Tax Commissioners*, 199 U. S. 1; *Nor. Pac. R. R.* v. *Minnesota*, 208 U. S. 583; *People* v. *O'Brien*, 111 N. Y. 1; *Powers* v. *Detroit & G. H. Ry.*, 201 U. S. 543; *Ft. George Realty Co.* v. *Miller*, 179 N. Y. 49; *Wall & H. St. Realty Co.* v. *Miller*, 181 N. Y. 328; *Fifth Ave. Co.* v. *Williams*, 198 N. Y. 238; *Cornell Steamboat Co.* v. *Sohmer*, 206 N. Y. 651; *Vandervoort Realty Co.* v. *Glynn*, 194 N. Y. 387; *Pacific R. R.* v. *Maguire*, 87 U. S. 36; *N. Y. M. & N. T. Co.* v. *Gaus*, 198 N. Y. 250; *Interborough Transit Co.* v. *Tax Commissioners*, 126 App. Div. 610, 195 N. Y. 618; *Interborough Transit Co.* v. *O'Donnell*, 202 N. Y. 313, 321; *Ross* v. *Oregon*, 227 U. S. 150; *Railroad Co.* v. *Cleveland*, 235 U. S. 50; *State* v. *Balt. & Ohio R. R.*, 48 Maryland, 49; *Union Transit Co.* v. *Kentucky*, 199 U. S. 194; *Wilmington R. R. Co.* v. *Reid*, 13 Wall. 264; *Wright* v. *Georgia Ry. & Banking Co.*, 216 U. S. 420; *Worth* v. *Wilmington & Weldon R. R.*, 89 N. Car. 291; *Worth* v. *Petersburg R. R.*, 89 N. Car. 301; *Wilmington & Weldon R. R.* v. *Alsbrook*, 146 U. S. 279; *Yazoo &c. R. R.* v. *Thomas*, 132 U. S. 174.

*Mr. Franklin Kennedy*, Deputy Attorney General of the State of New York, with whom *Mr. Egburt E. Woodbury*, Attorney General for the State of New York, was on the brief, for defendant in error:

Assuming that this court has the right to construe, independently of the decision of the state court, § 35, yet it will construe it as not exempting plaintiff in error from corporate franchise taxation under the Tax Law of the State of New York.

Assignments of contracts to plaintiff in error did not carry with them the exemption under § 35.

No Federal question is involved, because there was no law involved subsequently passed impairing the obligation of contracts under the constitutional provision.

Neither the construction of the aforesaid tax laws by the Court of Appeals nor the assessment imposed upon the plaintiff in error under them, constitutes an impairment of the obligation of a contract under article I, § 10, clause 1 of the Constitution of the United States.

The corporate franchise taxes imposed upon the plaintiff in error for the years in question did not constitute a taking of property without due process of law, in violation of the Fourteenth Amendment.

Section 35 does not constitute a contract of the Federal Constitution under the constitutional provision as to the impairment of contracts.

This court will not disturb the construction given by a state court to a state statute, even if the statute constitute a contract under the constitutional provision, unless it is manifestly clear that the state court was in error.

In support of these contentions, see *Bacon* v. *Texas*, 163 U. S. 207; *New York* v. *Bryan*, 196 N. Y. 158; *Cross Lake Club* v. *Louisiana*, 224 U. S. 632; *Interurban Railway* v. *Olathe*, 222 U. S. 187; *Lord* v. *Equitable Life Ins. Assoc.*, 194 N. Y. 212; *Maine* v. *Grand Trunk R. R.*, 142 U. S. 217; *New Orleans* v. *Stempel*, 175 U. S. 309; *New Orleans Water Works* v. *Louisiana Sugar Co.*, 125 U. S. 18; *Cornell Steamboat Co.* v. *Sohmer*, 206 N. Y. 651; *Interborough Transit Co.* v. *Williams*, 200 N. Y. 93; *Interborough Transit Co.* v. *Sohmer*, 207 N. Y. 270; *S. C.*, 151 App. Div. (N. Y.) 911; *Home Ins. Co.* v. *New York*, 134 U. S. 594; *People* v. *Home Ins. Co.*, 92 N. Y. 328; *U. S. A. P. P. Co.* v. *Knight*, 174 N. Y. 475; *Penn. R. R.* v. *Wemple*, 138 N. Y. 1; *People* v. *O'Brien*, 111 N. Y. 1; *U. S. Exp. Co.* v. *Minnesota*, 223 U. S. 335; *Vicksburg &c. Ry.* v. *Den-*

*nis,* 116 U. S. 665; *Michigan Ry.* v. *Powers,* 191 U. S. 379.

MR. JUSTICE HOLMES delivered the opinion of the court.

This was a certiorari to review assessments made by the Comptroller after a previous assessment had been set aside by the Court of Appeals. 200 N. Y. 93. The present assessments were upheld. 207 N. Y. 270. The plaintiff in error alleges that the tax laws construed to authorize them impair the obligation of contracts, contrary to Article I, § 10, of the Constitution of the United States.

Successive acts were passed by the legislature of New York for the establishment of a rapid transit system in cities of above one million inhabitants. Under c. 752 of the Laws of 1894 the City of New York determined to build a subway, and in pursuance of the statute made a contract with one McDonald, on February 21, 1900, by which he undertook to construct the railroad for $35,000,000. The statute required that the person, firm or corporation so contracting should, at his or its own expense equip, maintain and operate the road for a term of years, paying as rent a sum equal to the interest on the bonds to be issued by the City for the construction of the road, and a certain contribution to a sinking fund. By § 35, "The person, firm or corporation operating such road, shall be exempt from taxation in respect to his, their or its interest therein under said contract and in respect to the rolling stock and other equipment of said road, but this exemption shall not extend to any real property which may be owned or employed by said person, firm or corporation in connection with the construction or operation of said road." This section was amended by c. 729, § 4, Laws of 1896, to specify what the equipment to be furnished by the person, firm or corporation operating the road should include, and continued: "Such person,

firm or corporation shall be exempt from taxation in respect to his, their or its interest under said contract and in respect to the rolling stock and all other equipment of said road, but this exemption shall not extend to any real property which may be owned or employed by said person, firm or corporation in connection with the said road." Reënacted without change on April 23, 1900. Laws of 1900, c. 616, § 4. This is the contract relied upon and the statute may be assumed to have offered a contract that was accepted, as it seems to have been assumed to have by the state courts. We may assume also that the constitutional question is open, and that the only matter for us is whether the obligation of the contract has been impaired by what was done.

The petitioner was incorporated under the Statutes of New York for the purpose of equipping, maintaining and operating the rapid transit railroad in the City of New York, and, pursuant to the rapid transit act and the contract, the operating part of the latter was transferred to it on July 10, 1902. A second contract for an extension of the road made with an intervening corporation on July 21, 1902, also was assigned to it in like manner on August 10, 1905, since which time the petitioner has operated the road. It may be assumed that the petitioner is entitled to the benefit of the exemption recited above. The petitioner also operates under a lease the elevated railroads of the Manhattan Railway Co., and the earlier above-mentioned attempt to tax it was under § 185 of the tax laws for the years ending on June 30, 1907, 1908 and 1909. This section levied on corporations operating elevated railroads not operated by steam a franchise tax of one per cent. of gross earnings from all sources within the State, etc., and the attempt was to tax the petitioner upon its receipts from the subway as well as from the elevated road. The Court of Appeals held that the words 'from all sources' in the taxing act did not

extend to earnings from the distinct enterprise of the subway merely because it happened to be carried on by the same corporation that operated the elevated road. But it intimated an opinion that there was nothing to hinder a franchise tax.

The present taxes are levied under §§ 182, 184 and 185 of the tax laws for the years 1907, 1908, 1909 and 1910. The petitioner does not dispute the tax under § 185 in respect of its operation of the elevated railroad, but does dispute the taxes levied under §§ 182 and 184. By the former of these a tax computed on the basis of its capital stock is levied on every corporation doing businsss in the State, 'for the privilege of doing business or exercising its corporate franchises in this State'; and by § 184 an additional tax of five-tenths of one per cent. upon gross earnings within the State is imposed on transportation companies not liable to taxation under § 185. The petitioner contends that the contract made by the subway statute, § 35, exempts it from these taxes. It makes some preliminary argument as to the scope of the taxing acts, but we understand the Court of Appeals to read them as taxing the right to be a corporation and to operate as such, in the case of domestic companies, *Cornell Steamboat Co.* v. *Sohmer*, 235 U. S. 549, 558, 559, and we see no reason for attempting to go behind its decision. *New Orleans* v. *Stempel*, 175 U. S. 309, 316. Therefore the matter for this Court to consider is narrowed to whether the words of the exemption extend to a tax on the privilege to operate as a corporation under a charter from the State, in case the interested parties should decide to operate their road in corporate form. If such a tax is allowable we understand that there is no dispute as to amounts or the mode of measuring it. Whether it be admitted or not, if the franchise to operate the subway as a corporation can be taxed in this case, we can see no difference in the legitimacy of adopting as a measure of the tax property

that is exempted by contract or property exempted by a simple law. *Flint* v. *Stone Tracy Co.*, 220 U. S. 107, 165.

The petitioner's counsel put with great force the difficulties and apprehensions that beset the subway enterprise at the beginning, the need of attracting capital, and instances of popular understanding that the exemption was of universal scope for the time that the subway was to be run by a lessee before it went into the City's hands. But a business proposition involving the outlay of very large sums cannot be and is not taken by the parties concerned according to offhand impressions; it is scrutinized phrase by phrase and word by word. Scrutinizing it in that way the Court of Appeals observed that the exemption was from taxation in respect of the person's or corporation's interest under the contract. However probable and expected it may have been that a corporation would run the road, it was left possible for a natural person to do it, as in fact an individual took and held the first contract for two years. The exemption applied to one to the same extent as to the other—for either would have the same interest under the contract as the other. The right to be a corporation, even when the corporation was created and was expected to be created to carry out the purposes of the act, was not an interest under the contract, but only a very great convenience for acquiring and using that interest. For these reasons the Court of Appeals held that that right might be taxed. *Cornell Steamboat Co.* v. *Sohmer*, 235 U. S. 549, 558, 559.

The construction of the statute by the Court of Appeals although not conclusive upon its meaning as a contract is entitled to great deference and respect. As a literal interpretation it is undeniably correct, and we should not feel warranted in overruling it because of a certain perfume of general exemption. We must accept the words used in their strict sense.

*Order affirmed.*