The People of the State of New York ex rel. Waclark Realty Company, Respondent, *v.* Clark Williams, as Comptroller of the State of New York, Appellant.

**Tax — when capital stock, invested in real estate, deemed to be employed within meaning of section 182 of Tax Law.**

The statute (L. 1896, ch. 908, § 182) providing that "Every corporation, joint stock corporation or association, incorporated, organized or formed under, by or pursuant to law in this state, shall pay to the state treasurer annually, an annual tax to be computed upon the basis of the amount of its capital stock employed within this state and upon each dollar of such amount," as in force October 31, 1905, did not require that the capital stock of a corporation should be employed in business in order to render it liable to taxation. It was sufficient if the capital stock was employed at all, and when represented by real estate owned by the corporation with the structures thereon, such capital stock must be deemed to have been employed within the meaning of that expression in the Tax Law as it then existed.

*People ex rel. Waclark Realty Co.* v. *Gaus,* 134 App. Div. 83, reversed.

(Argued February 9, 1910; decided March 4, 1910.)

Appeal from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 11, 1910, which reversed a determination of the state comptroller refusing to revise a franchise tax assessed against the relator for the year ending October 31, 1905, and canceled said tax.

The facts, so far as material, are stated in the opinion.

*Edward R. O'Malley,* Attorney-General (*Edward H. Letchworth* of counsel), for appellant. The capital stock of the relator was employed within the state during the year in question. (*People ex rel. Steinway & Sons* v. *Kelsey,* 108 App. Div. 138; *People ex rel. H. A. Assn.* v. *Kelsey,* 110 App. Div. 617; 184 N. Y. 573; *People ex rel. F. S. R. Co.* v. *Kelsey,* 110 App. Div. 797; *People ex rel. W. & H. S. R. Co.* v. *Miller,* 181 N. Y. 328; *People ex rel. V. R. Co.* v. *Glynn,* 194 N. Y. 387.)

*Edward L. Blackman* for respondent. The mere act of receiving title to the properties and issuing its stock did not constitute carrying on a business. (*People ex rel. F. G. R. Co.* v. *Miller*, 179 N. Y. 49; *People ex rel. N. R. H. Co.* v. *Roberts*, 30 App. Div. 180; 157 N. Y. 676; *People ex rel. Rees' Sons* v. *Miller*, 90 App. Div. 591; *People ex rel. M. T. Co.* v. *Miller*, 177 N. Y. 51.) As relator has done no business it has, therefore, employed no capital within the state and it is not subject to any franchise tax. (*People ex rel. B. R. T. Co.* v. *Morgan*, 57 App. Div. 335; 168 N. Y. 672; *People ex rel. Rees' Sons* v. *Miller*, 90 App. Div. 591; *People ex rel. M. T. Co.* v. *Miller*, 177 N. Y. 51.) The franchise tax is a tax upon business actually done and not upon the unexercised right to do business. (*B. R. T. Co.* v. *Miller*, 57 App. Div. 335; 168 N. Y. 672.)

Willard Bartlett, J. The Waclark Realty Company was incorporated on April 11th, 1904, under the Business Corporations Law. Its purposes as set forth in the articles of incorporation were to acquire, hold, improve, lease and sell real estate; to erect and repair buildings of all kinds; to carry on the business of builders, general contractors and dealers in building materials; to take, purchase and hold bonds and mortgages; to lend money on bond and mortgage; to lay out for public use roads, streets, avenues and highways through its lands, and if unable to agree with the owners of property required therefor to acquire title thereto by condemnation; to manufacture, buy and sell bricks, stone, building materials and supplies; and, finally, to mine, quarry, buy and sell ores, minerals, oil and other valuable substances found in any of its lands.

According to the report of the corporation made to the comptroller for the year ending October 31, 1905, the total authorized capital stock of the company was $1,500,000 represented by 15,000 shares, of which 14,000 had been issued for real estate situated in the borough of Manhattan in New York county, at Ravenswood in Queens county, and at

Mount Vernon.   The report further stated that the company
was organized merely for the purpose of holding title to cer-
tain real estate and not with the object of transacting any
business for profit.   " Since its organization it has received
deed to and holds in its name title to seven plots of land, five
being within the State of New York, transferred to it by
Hon. William A. Clark, and stock has been issued to him for
said properties."   In the application for the revision of the
franchise tax made by the corporation to the comptroller it
was stated that " said William A. Clark is the owner of nearly
all of the shares of stock of said company, and that the same
was organized for his personal convenience and to take over
said properties owned by him individually, which for matters of
convenience he preferred to have held by a corporation."
Among the lands thus held was a plot on the corner of Sev-
enty-seventh street and Fifth avenue in the borough of Man-
hattan, with an unfinished dwelling house thereon, the assessed
value of which is $2,200,000.   The premises at Ravenswood
in Queens county were used for the storage and preparation
of materials for the house in course of erection upon this Fifth
avenue plot.   The secretary and treasurer of the corpora-
tion in his testimony before the second deputy comptroller
stated that the object of the incorporation was to promote the
personal convenience of Mr. W. A. Clark; that the company
had no offices, employees, clerks or servants of any kind; that
it paid no wages or salaries to anybody and was not in the
receipt of any moneys of any kind; that it expended no mon-
eys and had no bank account; and that the only connection
with the real estate mentioned had been to hold the title to
the property.   Mr. Clark paid the taxes on the real estate
owned by the company, and the witness repeated what appears
over and over again in the papers in this proceeding that
" Senator Clark preferred to have these enormous proper-
ties owned by him in New York and elsewhere held by a
corporation."

The tax under review was levied for the year ending
October 31, 1905, at which time the Tax Law provided as

follows : " Every corporation, joint stock company or asso-
ciation, incorporated, organized or formed under, by or pur-
suant to law in this state, shall pay to the state treasurer
annually, an annual tax to be computed upon the basis of the
amount of its capital stock employed within this state and
upon each dollar of such amount." (Laws of 1896, ch. 908,
§ 182.)

It will be noted that the statute as then in force did not
require that the capital stock of a corporation should be
employed in business in order to render it liable to taxation.
It was sufficient if the capital stock was employed at all.   Under
the circumstances disclosed by this record we think that the
capital stock of the Waclark Realty Company, which was
represented, as has been stated, by the several pieces of real
estate belonging to the corporation with the structures thereon,
must be deemed to have been employed within the meaning
of that expression in the Tax Law as it then existed.   The
relator was really a holding corporation for Senator Clark.
It employed its capital in the precise way contemplated by the
incorporators, in holding the title to a large quantity of real
property which it had acquired from its principal stockholder
to promote the personal convenience of that gentleman.
Where a corporation devotes its capital stock to the very
purpose for which it was formed, it will hardly do to say that
such stock is not employed.   The cases in which a distinction
has been made between capital employed and capital invested
have no application here.   If a corporation were formed for
the sole purpose of the investment of capital such investment
would clearly be an employment of its capital.   It is only
where the organization has been for a different purpose that
the mere investment or passive use of capital has not been
deemed an employment thereof.

It is argued that the statute should be construed so as to
exempt the relator from this tax, because if we look behind
the corporation to the owner, Senator Clark, he has received
no advantage for which the tax might be said to be due.   He
has personally paid the tax upon the real estate and also the

organization tax for the corporation, and it is contended. that it is inequitable and unjust to require him to pay any more, inasmuch as he has received no equivalent from the state. The obvious answer to this argument is that he has chosen for some undisclosed reason which he denominates his personal convenience to transfer his property to a corporation which appears to be employing that property just as he would employ it if the title remained in himself; and that when capital is thus employed the legislature of the state has commanded that it shall be taxed in this manner. There is no apparent hardship in compelling a person to pay for employing his capital through the agency of a corporation if he sees fit to organize one for his own convenience. Even if there were, this would be a matter for the consideration of the legislature and not for the courts.

The order of the Appellate Division should be reversed and the determination of the state comptroller confirmed, with costs to the appellant in both courts.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, HISCOCK and CHASE, JJ., concur.

Order reversed, etc.