EDGAR J. HESSLEIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34392. Promulgated October 16, 1930.

*Harry T. Lore, Esq.*, for the petitioner.
*F. R. Shearer, Esq.*, for the respondent.

64

OPINION.

TRAMMELL: The petitioner alleges that the respondent erred in reducing the cost of 2,400 shares of stock sold in 1924 by the value of 2,400 warrants to which the petitioner was entitled on distribution, which was to be made pursuant to the agreement of the corporation in December, 1923, pursuant to the decree of the District Court under a mandate of the United States Supreme Court, and also that the exchange provisions of the 1921 Act govern with respect to the exchange of the 2,400 warrants for the 550 shares of the Bradford Investment Co.'s stock.

The petitioner contends that when the instrument providing for the distribution of the stock rights was signed the petitioner had knowledge of it, knew the amount he was to receive, and that the actual issuance of warrants and the printed circular which accompanied them and their actual delivery to the petitioner were merely

matters of detail for the purpose of carrying out the terms of the instrument executed on December 28, 1923.

The respondent takes the position that the distribution of stock rights was made in pursuance of a plan of reorganization, that they were distributed in 1924, and that the reorganization and the gain or loss provisions of the Revenue Act of 1924 govern the transaction.

If the warrants were distributed in 1923 the Revenue Act of 1921, and not the reorganization provisions and the gain or loss provisions of the 1924 Act, would have application.

Under the petitioner's theory the distribution of the stock rights, if it occurred while the 1921 Act was in effect, would be taxable as a dividend. See *Estate of Edwin D. Metcalf*, 13 B. T. A. 236, affirmed by the Circuit Court of Appeals, 32 Fed. (2d) 192. But the real question here as argued by both sides is whether this is a 1924 transaction or a 1923 transaction. The Revenue Act of 1924 contains reorganization provisions and certain provisions relating to gain or loss which are materially different from those contained in the Revenue Act of 1921, and the *Metcalf* case would not be authority for a decision in this case if the transaction occurred in 1924. The pertinent parts of the Revenue Act of 1924 are:

SEC. 204. (a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913 shall be the cost of such property; except that—

\*         \*         \*         \*         \*         \*         \*

(9) If the property consists of stock or securities distributed after December 31, 1923, to a taxpayer in connection with a transaction described in subdivision (c) of section 203, the basis in the case of the stock in respect of which the distribution was made shall be apportioned, under rules and regulations prescribed by the Commissioner with the approval of the Secretary, between such stock and the stock or securities distributed.

Subdivision (c) of section 203 is as follows:

If there is distributed, in pursuance of a plan of reorganization, to a shareholder in a corporation a party to the reorganization, stock or securities in such corporation or in another corporation a party to the reorganization, without the surrender by such shareholder of stock or securities in such a corporation, no gain to the distributee from the receipt of such stock or securities shall be recognized.

Subdivision (h) of section 203 defines reorganization as follows:

(1) The term "reorganization" means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation), or (B) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred. or (C) a recapitalization, or (D) a mere change in identity, form or place of organization, however effected.

(2) The term "a party to a reorganization" includes a corporation resulting from a reorganization and includes both corporations in the case of an acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation.

The distribution referred to in subdivision (c) of section 203 is an act of the corporation. The distribution made by the corporation is for the purpose of this case the essential thing. The statute does not refer to the receipt of the distribution by the distributee stockholder. We think, then, that for the purpose of subdivision (c) of section 203 the time when the distribution is made by the corporation governs. In this case, the fact that the petitioner knew in 1923 that he would receive a distribution in 1924 and, relying upon that fact, disposed of his right to receive the distribution when made, is not of so much importance. The distribution was concededly actually made by the corporation after December 31, 1923. It consisted of securities in another corporation and comes within the provisions of subsection (9) of section 204, which provides that if the property consists of stock or securities distributed after December 31, 1923, an apportionment of cost should be made between the original stock and new securities. These provisions do not make any provision for the fact that a stockholder might be aware at some time previous to the distribution that he would receive a distribution.

The distribution not having been made until January, 1924, the petitioner had nothing to sell or dispose of in 1923 except the right to receive such a distribution when made, or his expectancy of receiving it. The petitioner in any event did not have any stock rights to sell in December, 1923. These did not come to him until 1924, and we think that the 1924 Revenue Act governs this transaction.

This being true, the question is, Does the transaction come within the scope of the quoted provisions of the statute? The petitioner does not contend that the reorganization provisions of the gain or loss provisions of the 1924 Act would not govern the transaction if it occurred in 1924. The respondent contends that there was a reorganization, that the stock rights distributed by the Reading Co. in another corporation were distributed pursuant to a plan of reorganization. We think that this is a correct view of the matter. The Reading Co. and its railroad subsidiaries were merged and the coal companies were reorganized and another company, known as the Philadelphia & Reading Coal & Iron Corporation, was organized. The Philadelphia & Reading Coal & Iron Corporation was formed

for the purpose of taking over all of the stock of the Philadelphia & Reading Coal & Iron Co., and thus became the holding company of the group of coal companies entirely separated from the railroad companies. The stock rights were issued in the new corporation, which was clearly a party to the reorganization scheme. In view of the foregoing, we think that there was distributed in pursuance of a plan of reorganization by the Reading Co., a party to the reorganization, securities in another corporation, a party to the reorganization, and that no gain or loss resulted therefrom, but that the situation comes within the scope of subdivision (9) of section 204 of the 1924 Act. Under the facts presented, under the above statutory provisions, the basis for determining gain or loss in the case of the stock in respect to which the distribution was made should be apportioned between the stock and the securities distributed, and when the petitioner sold the 2,400 shares of stock in the Reading Co., the cost of such stock should be diluted by the value of the securities received in distribution. The cost of the stock and the stock rights in the new corporation is represented by the cost of the stock in the Reading Co. No objection has been raised to the method of apportionment adopted by the respondent. We see no objection to such basis and therefore approve of the respondent's action in the premises.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

PHILLIPS and BLACK dissent.