EVELYN F. GREGORY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 55299. Promulgated December 6, 1932.

George W. Saam, Esq., for the petitioner.
E. L. Corbin, Esq., for the respondent.

STERNHAGEN: The respondent determined a deficiency of $10,678.16 in the petitioner's income tax for 1928, all of which is assailed by the petitioner on the ground that the respondent has erroneously treated $133,333.33 as a dividend from the United Mortgage Corporation. There is no dispute about the facts, both parties having agreed that they are essentially as set forth in the report of a revenue agent.

The petitioner was the owner of all the outstanding (5,000) shares of the United Mortgage Corporation. Of these, 3,300 shares had been purchased between October 1, 1920, and December 16, 1921, at a cost of $180,000, and 1,700 shares between January 12, 1927, and January 3, 1928, at a cost of $170,000. The United corporation had among its assets 1,000 shares of the Monitor Securities Corporation. On September 18, 1928, the Averill corporation was organized under Delaware law. On September 20, 1928, the United corporation transferred to the Averill corporation the 1,000 shares of Monitor stock, in consideration for which the Averill corporation issued its shares to the petitioner. On September 24, 1928, the Averill corporation liquidated and dissolved, thus distributing its entire assets, consisting of the Monitor shares, to its only shareholder, the petitioner. On the same date as the liquidation distribution, petitioner sold the Monitor shares for $133,333.33.

In her return, she treated these several transactions as governed by the several reorganization provisions of the statute, and returned as capital net gain derived from the sale price of $133,333.33 the amount of $76,007.88 upon an apportioned cost basis of $57,325.45.

None of the foregoing facts or figures is in dispute, the respondent conceding that, if the petitioner was legally correct in applying the reorganization provisions of the statute to the situation, her computation of gain is correct. His determination is based upon the view that the creation of the Averill corporation was without substance and must therefore be disregarded, and that the petitioner must be taxed as upon a dividend consisting of the amount received upon the sale of the Monitor shares as if such amount had been distributed by the United corporation directly to her. He argues that the mere

organization of the Averill corporation for the purpose, as it is conceded, of enabling the petitioner and the United corporation to avoid tax, followed almost immediately by the dissolution of the Averill corporation, was a transparent fiction.

In our opinion, the respondent erred in disregarding the Averill corporation. During the short period of its existence it performed its function of issuing its shares, taking and holding the Monitor shares, and then distributing them in liquidation. As long as corporations are recognized before the law as if they were creatures of substance, there is nothing to distinguish this corporation from innumerable others, whether they be devised to achieve a temporary tax reduction or some other legitimate end. Congress has not left it to the Commissioner to say, in the absence of fraud or other compelling circumstance, that the corporate form may be ignored in some cases and recognized in others. Whatever can be said of the wisdom of recognizing the corporate device, the taxing statutes have so plainly accepted it and provided the detailed methods of taxing its transactions, that to disregard it in a case like this would vary the time, method and amount of tax which the statute imposes.

The purpose to reduce taxes does not control the recognition of the corporation, *Bullen* v. *Wisconsin*, 240 U. S. 625, nor does the extent of its legitimate function or operations. Its existence can not be denied to escape liability, *Nowland Realty Co.* v. *Commissioner*, 47 Fed. (2d) 1018; *People* v. *Williams*, 198 N. Y. 54; 91 N. E. 266; *112 West 59th Street Corp.*, 23 B. T. A. 767, and with equal force it may enjoy its corporate benefits. That the petitioner was its sole shareholder does not serve to obscure its identity, *Planters Cotton Oil Co.* v. *Hopkins*, 286 U. S. 332, else the United corporation would likewise be obliterated, and this is not suggested. The shortness of its life does not indicate less than a complete entity while it lived. *Regal Shoe Co.*, 1 B. T. A. 896.

It should be remembered, when considering the effects upon tax liability of corporate plans, that the statute has, since the Act of 1918, provided in more or less detail the system of tax determination, and this system unmistakably permits the bona fide use of the corporate device. That its effect may be, as here, to tax a profit piecemeal over several periods is so clearly within the legislative system that it can not be denied. As a result of it, the benefit of one year may be the burden of another; and the incidence of the statute may be as favorable to the Government in one case as it is unfavorable in another. A statute so meticulously drafted must be interpreted as a literal expression of the taxing policy, and leaves only the small interstices for judicial consideration. The general legislative plan apparently was to recognize the corporate entity and, in view of such

recognition, to specify when the gains or losses would be recognized and upon what basis they should be measured. We may not destroy the effectiveness of this statutory plan by denying recognition to the corporation and thus preventing consideration of its transactions.[1]

The recognition of the Averill corporation being determined, it follows, as the respondent concedes, that the petitioner's computation of gain was correct. There was a statutory reorganization under the Revenue Act of 1928, section 112(i), and hence no gain to the petitioner as distributee from the United corporation of the Averill shares, section 112(g). See Miller on Reorganizations, ch. 13. The effect was to apportion the basis formerly applicable to petitioner's United shares between the United shares and the Averill shares, section 113 (a) (9); art. 600, Regulations 74; Miller on Reorganizations, ch. 20. The liquidation of the Averill corporation, whereby petitioner received the Monitor shares, resulted in gain of $76,007.88, the difference between the undisputed basis of $57,325.45 attributed to the Averill shares, and $133,333.33, the undisputed value of the Monitor shares so received, section 115 (c). The immediate sale by petitioner of the Monitor shares for no more than their value as used in the foregoing computation resulted in the realization by her of no further gain. See *Edgar J. Hesslein*, 21 B. T. A. 61; affd., 53 Fed. (2d) 1081; I. T. 2259, V-1 C. B. 18; I. T. 2530, IX-1 C. B. 194.

Since only 3,300 of her United shares were held by petitioner more than two years, her gain was subject to the capital gains provision, section 101, only to a like extent. This the petitioner concedes.

*Judgment will be entered under Rule 50.*

---

[1] Section 112(k), Revenue Act of 1932, is an indication that when a corporation is not to be " considered as a corporation " the statute expressly says so.