ROBERT A. PFLUGER and ELAINE M. PFLUGER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pfluger v. Commissioner
Docket No. 30209-82.
United States Tax Court
T.C. Memo 1986-78; 1986 Tax Ct. Memo LEXIS 532; 51 T.C.M. (CCH) 503; T.C.M. (RIA) 86078; February 24, 1986. *532 Ps claimed a deduction for a payment allegedly made to their family trust in return for services rendered in managing family dental practice. Held: (1) The Commissioner's denial of all deductions relating to the family trust for lack of substantiation did not shift the burden of proof. (2) Family trust not recognized for tax purposes. (3) Ps entitled to deductions for substantiated business related expenses. (4) Ps liable for the addition to tax for negligence under sec. 6653(a), I.R.C. 1954. Joseph W. Weigel, for the petitioners. Thomas J. Kane, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $42,762 in the petitioners' Federal income tax for 1980 and an addition to tax of $2,138 under section 6653(a) of the Internal Revenue Code of 1954. [1] The issues for decision are: (1) Whether the Commissioner's denial, for lack of substantiation, of all deductions claimed by the petitioners' family trust shifted the burden of proof to the Commissioner; (2) whether a family trust allegedly created by the petitioners was properly disregarded for income tax purposes; (3) what, if any, deductions for business related expenses have the petitioners substantiated; and (4) whether the petitioners *535 are liable for the addition to tax for negligence under section 6653(a). FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, Robert and Elaine Pfluger, husband and wife, maintained their legal residence in Rockford, Ill., at the time they filed their petition in this case. They filed a joint Federal income tax return for the year ending December 31, 1980, with the Internal Revenue Service. The petitioners were cash method, calendar year taxpayers. Dr. Pfluger has been a dentist since 1958. Throughout 1980, he operated his dental practice as a sole practitioner in Rockford, Ill. He began investigating the tax system when he had to borrow a large sum of money to meet his 1979 tax liability. This research consumed most of his spare time and led him to the conclusion that the income tax is an unconstitutional form of wealth redistribution known as "leveling." Dr. Pfluger met Trudy McKenzie at a meeting concerning income taxes and trusts. Sometime later, although he was aware that the McKenzies had problems with *536 the government concerning the trust plans marketed by them, he undertook to establish one of their family trusts. The family trust instrument was executed on February 23, 1980. Dr. Pfluger's motives for establishing the family trust were to avoid probate and to reduce the petitioners' income taxes. Dr. Pfluger was the grantor of the family trust. In return for 100 units of beneficial interest, Dr. Pfluger assigned to the family trust the exclusive use of his lifetime services and title to a list of assets to be attached, but there is no evidence that any such list was ever submitted. No particular beneficiary or class of beneficiaries, other than Dr. Pfluger, was identified in the family trust instrument. On January 31, 1981, a Restated Declaration of Trust was executed by the petitioners. The declaration limited the powers of the grantor, established and clarified the rights, powers, and duties of a trustee, and clarified the rights of a beneficiary. Mrs. Pfluger and her brother were the original trustees of the family trust. The brother ceased being a trustee within 2 days of execution of the family trust and was replaced by Dr. Pfluger. The petitioners, as the trustees, *537 had exclusive management power over the family trust assets, including being the only authorized signatories for the family trust checking account. On February 25, 1980, Dr. Pfluger entered into a written agreement with the family trust. The family trust agreed to lease a furnished medical office to Dr. Pfluger, to supply all the office supplies needed by him in his dental practice, and to provide the personnel to staff the office. The agreement provided that Dr. Pfluger was to provide the family trust with a percentage of the gross income of the office as a management fee, but the percentage was left blank in the agreement. Notwithstanding the agreement, Dr. Pfluger continued to pay the salaries of his office staff and for many of his supplies, and there is no evidence that he in fact made any payment to the family trust. On their Federal income tax return for 1980, the petitioners reported $159,091 as their gross income received from Dr. Pfluger's dental practice. They claimed a deduction of $95,000 allegedly paid to the family trust as a management fee. They also claimed deductions for the payments to the staff and for the expenses of the office paid by Dr. Pfluger. The family *538 trust also filed a Federal income tax return for the period beginning February 23, 1980, and ending on December 31, 1980. On such return, the trust reported income of $95,000 and claimed deductions of $61,280. In the course of the examination of the petitioners' tax return, the revenue agent took the position that the trust should be disregarded for tax purposes. He undertook to recompute the petitioners' tax liability by allowing them all the deductions claimed by the trust that could be substantiated. However, the petitioners refused to make their books and records available to the agent. Accordingly, in his notice of deficiency, the Commissioner determined that the petitioners' family trust should be ignored for income tax purposes, that the $95,000 deduction taken by the petitioners for the payment of the management fee was not allowable, and that the deductions listed on the trust return were not allowable for lack of substantiation. One of the family trust deductions that was not allowed concerned expenses involved in Dr. Pfluger's appeal of his dismissal from an action against the Sundstrand Corporation (Sundstrand). Sundstrand, as part of its employee insurance program, *539 required that x-rays be taken of its employees' teeth before it would reimburse dentists for certain procedures. Dr. Pfluger felt that in some cases these x-rays were unnecessary. Upon Sundstrand's failure to pay an employee's bill because of Dr. Pfluger's failure to take an x-ray, Dr. Pfluger and the employee sued Sundstrand. Dr. Pfluger was dismissed at the pleading stage for not being an interested party; the court took the position that although Sundstrand's payments represented a reliable source of income, his contract was with the employee and not Sundstrand. Dr. Pfluger unsuccessfully appealed the dismissal. Under Rule 72 of the Tax Court Rules of Practice and Procedure, [2] the Commissioner served the petitioners with a timely request for the production of documents relating to the deductions claimed and disallowed on the trust return. Later, the Commissioner moved for an order compelling the petitioners to comply with such request and for sanctions in the event that they failed to comply. The Court ordered them to furnish the requested documents. After a hearing on the motion for sanctions, the Court found that the petitioners had not complied with the Court's order *540 to furnish the documents and that there was no just cause for their failure to do so. Accordingly, under Rule 104, the Court ordered that any requested document that had not been made available to the Commissioner could not be offered by the petitioners at trial. OPINION The petitioners argue that the Federal income tax is unconstitutional because it acts as a societal "leveling" device by transferring resources from the nonpoor to the poor. It is well settled that the progressive rate structure of the Federal income tax is constitutional ( Tyee Realty Co. v. Anderson,240 U.S. 115 (1916); Brushaber v. Union Pac. R.R.,240 U.S. 1 (1916)), and that a Federal court will not review the wisdom of congressional appropriations for welfare purposes; this is an area exclusively within the jurisdiction of the legislative and executive branches ( Autenrieth v. Cullen,418 F.2d 586, 588-589 (9th Cir. 1969); Crowe v. Commissioner,396 F.2d 766, 767 (8th Cir. 1968), *541 affg. per curiam a Memorandum Opinion of this Court; Ward v. United States,344 F.2d 316 (10th Cir. 1965); Swallow v. United States,325 F.2d 97 (10th Cir. 1963); Russell v. Commissioner,60 T.C. 942, 946-947 (1973); Farmer v. Rountree,149 F. Supp. 327 (M.D. Tenn. 1956), affd. per curiam 252 F.2d 490 (6th Cir. 1958); Whetstone v. United States,82 F. Supp. 478 (N.D. Ill. 1948), affd. without published opinion (7th Cir. 1949, 49-1 U.S.T.C. par. 9289)). Therefore, notwithstanding the petitioners' contention that this is a new basis for questioning the constitutionality of the income tax, this argument is wholly without merit. The petitioners request that the Court reopen the record and take testimony and evidence which was excluded at trial.The evidence was excluded pursuant to the Court's order. The petitioners argue that the Court improperly applied the order with respect to the testimony of several witnesses concerning the validity of expenses and deductions reported on the trust return. The petitioners were given repeated opportunities to make available Dr. *542 Pfluger's records in accordance with the Rules and orders of the Court, but they willfully and completely refused to do so. The purpose of the procedures for discovery is to require a party to make available in advance of the trial the records which he intends to offer. When those records are made available, the other party has an opportunity to examine them and to investigate their reliability when appropriate. As a result, the other party may agree end the issue may be settled, or in any event, the other party will have an opportunity to marshall and present rebuttal evidence when appropriate. Because Dr. Pfluger refused to make his records available in accordance with the Rules and orders of the Court, the Commissioner had no opportunity to examine them before the trial; issues may have been tried that could have been settled; and the Commissioner's opportunity to present rebuttal evidence was materially prejudiced. For these reasons, the Court was compelled to issue its order imposing sanctions on the petitioners for their failure to comply with the Rules and orders of the Court. Rule 104(c)(2) [3]; see generally Eisele v. Commissioner,580 F.2d 805 (5th Cir. 1978), *543 affg. per curiam an unreported Order of this Court; Marcus v. Commissioner,70 T.C. 562 (1978), affd. in an unpublished opinion 621 F.2d 439 (5th Cir. 1980). At the trial, the Court allowed the petitioners to introduce evidence substantiating claimed deductions through the independent records and testimony of third parties, but the Court refused to allow the petitioners to prove the contents of excluded documents through the recollection of witnesses. Allowing such testimony would have enabled the petitioners to circumvent the sanction and would have prejudiced the Commissioner because he did not have an opportunity to review the underlying documents and prepare an effective challenge to the witnesses' testimony. Accordingly, we deny the request to reopen the record. The first issue to be decided is whether the Commissioner's denial of all deductions relating to the family trust shifted the burden of proof to the Commissioner. The *544 petitioners contend that the Commissioner's failure to allow any deductions claimed by the family trust in connection with Dr. Pfluger's dental practice was arbitrary and unreasonable and resulted in a shifting of the burden of proof from the petitioners to the Commissioner. Where the petitioners seek a deduction, the burden of proof is upon them to establish their right to it. Deputy v. DuPont,308 U.S. 488, 493 (1940); White v. United States,305 U.S. 281 (1938); Roberts v. Commissioner,62 T.C. 834, 836 (1974). It is well settled that when the taxpayer refuses to substantiate his claimed deductions, the Commissioner is not arbitrary or unreasonable in denying the deductions. Roberts v. Commissioner,supra at 836; Durovic v. Commissioner,54 T.C. 1364, 1390 (1970), affd. in part, revd. in part on other grounds 487 F.2d 36 (7th Cir. 1973). Prior to trial, the petitioners consistently refused to provide the Commissioner with requested documentation for claimed deductions. In view *545 of the petitioners' conduct, the Commissioner's denial of these deductions was not arbitrary. Therefore, the burden of proof with regard to all issues in this case remains with the petitioners. Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933). The second issue to be decided is whether the family trust was properly disregarded for income tax purposes. The petitioners' family trust is not substantively different from many arrangements which the courts have repeatedly and uniformly held to be ineffective for Federal tax purposes. Schulz v. Commissioner,686 F.2d 490 (7th Cir. 1982), affg. two Memorandum Opinions of this Court; Horvat v. Commissioner,671 F.2d 990 (7th Cir. 1982), affg. per curiam a Memorandum Opinion of this Court; Luman v. Commissioner,79 T.C. 846 (1982); Markosian v. Commissioner,73 T.C. 1235 (1980); Wiles v. Commissioner,59 T.C. 289 (1972), affd. per curiam in an unpublished opinion 491 F.2d 1406 (5th Cir. 1974). The petitioners have attempted to avoid their Federal income tax liability through the creation of an entity which they hoped *546 would be recognized for tax purposes and would allow them to deduct personal expenses from income, thereby substantially decreasing their tax liability. The petitioners call our attention to Helvering v. Gregory,69 F.2d 809, 810 (2d Cir. 1934), revg. 27 B.T.A. 223 (1932), affd. 293 U.S. 465 (1935), where Judge Learned Hand wrote: "Any one may so arrange his affairs that his taxes shall be as low as possible; he is not bound to choose that pattern which will best pay the Treasury; there is not even a patriotic duty to increase one's taxes." However, there is an obligation to pay one's properly calculated income tax, and such obligation cannot be avoided by formalities without substance. We will first consider the Commissioner's argument that the family trust is invalid because the assignment of property and services to it constitutes an invalid anticipatory assignment of income. In most prior family trust cases, the payments for services rendered by the taxpayer-grantor were allegedly made to the trust.See, e.g., Schulz v. Commissioner,supra. In the present case, the income was reported by the petitioners and *547 a deduction was taken by them for payments allegedly made to the family trust. The petitioners argue that their arrangement is not an assignment of income and not a family trust of the type considered by the courts in the family trust cases.We disagree. One of the primary principles of our income tax system is that income should be taxed to the one who earns it. Commissioner v. Culbertson,337 U.S. 733, 739-740 (1949). Attempts to subvert this principle by deflecting income away from the true earner to another entity by means of contractual agreements are not recognized for Federal income tax purposes, despite their validity under State law. United States v. Basye,410 U.S. 441, 448 (1973); Lucas v. Earl,281 U.S. 111 (1930). The proper taxpayer is the one who has the ultimate control over the earning of income rather than the person or entity who ultimately receives the income. Wesenberg v. Commissioner,69 T.C. 1005, 1010-1011 (1978); American Savings Bank v. Commissioner,56 T.C. 828, 839 (1971). *548 After reviewing all of the facts and circumstances of this case, we find that the ultimate direction and control over income to the petitioners and the family trust rested with the petitioners. Although Dr. Pfluger claims that his arrangement was not a family trust, he used the forms customarily used for the creation of family trusts, and as in the cases of the typical family trust, he conveyed in form his services to the trust. In substance, he was not a bona fide servant or agent of the family trust. As a sole practitioner, he remained in control of his practice, determining the number of patients to be treated and the amounts they were to be charged. In addition, although the agreement between Dr. Pfluger and the trust called for him to pay a management fee to the trust, the amount thereof was left blank. As a result, the petitioners could decide how much was to be paid to the trust. The ability of the petitioners to determine the amount of their payment to the family trust was in substance a flexible assignment of income; the payments could be varied to minimize the income tax paid on the petitioners' total income. Thus, the petitioners' arrangement has the same effect *549 as an attempted assignment of income, and the arrangement is not significantly different from those in the other family trust cases. See O'Donnell v. Commissioner,726 F.2d 679 (11th Cir. 1984), affg. per curiam an Order of this Court. The substance of this arrangement and not its form is controlling for the purpose of Federal income tax determination. Gregory v. Helvering,293 U.S. 465 (1935). The petitioners' contention that they carefully researched the amount to be paid the family trust and that this amount was a reasonable payment for the services rendered does not change the result. In the first place, there is no evidence that any management fee was in fact paid to the family trust. Moreover, we can find no rational basis for the payment of 60 percent of the gross income from the dental practice as a management fee. Although he presented many sources of information concerning the cost of operating a dental practice, Dr. Pfluger's testimony was vague and unconvincing with regard to how he arrived at the specific percentage for his practice. Sixty percent is far higher than the information provided by Dr. Pfluger indicates was reasonable. *550 For example, The 1979 Survey of Dental Practice, compiled by the American Dental Association (ADA), was offered by Dr. Pfluger to support the deduction. He said that the ADA supplied "very credible information." However, the report, on pages 58-67, shows that average office expenses less salaries, as is appropriate in this case, is 40 percent of gross; the 60-percent figure used by the petitioners is more appropriate where salaries are included in expenses. In summary, there is no basis for the deduction of the management fee claimed by the petitioners: there is no evidence that any management fee was in fact paid, and there is no basis for the deduction of a 60-percent management fee. It appears that, in substance, the deduction was claimed to shift the tax burden to the trust. The Commissioner also takes the position that the family trust should be disregarded because a trust was not actually created. For a trust to be recognized for Federal tax purposes, several requirements must be satisfied; one of such requirements is a trust res must be transferred to the trust. Sec. 301.7701-4(a), *551 Proced. and Admin. Regs.; McCartney v. Ridgway,160 Ill. 129, 43 N.E. 826 (1896); Kavanaugh v. Estate of Dobrowolski,41 Ill. Dec. 358, 86 Ill. App. 3d 33, 407 N.E.2d 856 (1st Dist. 1980); 76 Am. Jur. 2d Trusts sec. 35 (1975). In the present case, the trust instrument executed by Dr. Pfluger declared that he was transferring title to property described in an attached list, but the evidence does not disclose that any list was ever prepared and attached to the trust instrument. Thus, no property was legally transferred to the trust, and the trust never acquired res. The Commissioner also argues that under the grantor trust provisions of sections 671 through 677, the petitioners should be treated as the owners of the income of the trust. Previously, this Court has considered this issue in cases where the facts relevant to the grantor trust provisions were indistinguishable from those in the present case and has determined that in such cases, the income is taxable to the grantor under the grantor trust provisions. Luman v. Commissioner,79 T.C. at 854-855; Vercio v. Commissioner,73 T.C. 1246, 1258-1259 (1980). *552 The operation of the grantor trust provisions will not be detailed here, because they have been adequately described and discussed in the past. See, e.g., Luman v. Commissioner,79 T.C. at 853-855. Except during the trust's first day of operation, the petitioners were the only trustees. Dr. Pfluger was the only beneficiary. Therefore, the grantor, Dr. Pfluger, as trustee, had the power to distribute income to himself or his spouse without the consent of any adverse party. That power brings the family trust within the purview of the grantor trust provisions. Schulz v. Commissioner,686 F.2d at 494-497; Luman v. Commissioner,79 T.C. at 854. We observe that any provision in the Restated Declaration of Trust that might bear on this result is without effect because that instrument was executed on January 31, 1981, and cannot be given retroactive effect. Van Den Wymelenberg v. United States,397 F.2d 443 (7th Cir. 1968). Accordingly, by virtue of sections 671 and 677, the income from the family trust is taxable to the grantor, Dr. Pfluger. Because they filed a joint tax return, the income is jointly taxable *553 to both petitioners. In light of this holding, we need not consider the Commissioner's other argument that the family trust was a sham transaction for the purpose of tax avoidance. The next issue for decision is to what extent have the petitioners substantiated the deductions that were claimed on the trust return and not allowed by the Commissioner. Section 162(a) allows a deduction for ordinary and necessary expenses incurred in carrying on a trade or business. The petitioners have the burden of proving that the amounts claimed by them to be deductible satisfy the requirements of this provision. Rule 142(a); Welch v. Helvering,supra;Sanford v. Commissioner,50 T.C. 823, 826 (1968), affd. 412 F.2d 201 (2d Cir. 1969). The Commissioner agrees that the petitioners have submitted adequate substantiation concerning the following deductions: Patterson Dental Supply Company
$ 5,161
Erickson Dental Laboratory
12,000
Rent of business property
8,080
Mortgage interest expense
4,051
Real estate taxes
1,706
Total
$30,998
*554 On the trust return, the petitioners listed a deduction of $2,305 for legal expenses in the Sundstrand case; they now claim to have substantiated a $3,826 deduction. The Commissioner contends that those expenses are not deductible because Dr. Pfluger's interest was personal in nature and that if the fees are found to be a business expense, only $1,840 is deductible. There is a two-pronged test for determining deductibility when the taxpayer pays the expenses of another person: (1) Did the taxpayer in fact pay the expenses in order to protect or promote his own business; and (2) does the payment of such expenses actually protect or promote such business? Lohrke v. Commissioner,48 T.C. 679, 688 (1967). In determing the nature of a legal expense, it is the origin and character of a claim which distinguishes a business claim from a personal claim. United States v. Patrick,372 U.S. 53, 57 (1963). In the case the hand, we find that Dr. Pfluger had a business motive for incurring this legal expense and that the expense was appropriate for the furtherance *555 of his dental practice. The Sundstrand employee insurance program represented a reliable source of payment to Dr. Pfluger. The liability of Sundstrand to pay for the dental care had a direct economic and professional impact on Dr. Pfluger's practice. The lack of a contractual relationship between Dr. Pfluger and Sundstrand does not control the tax attributes of the expense. However, Dr. Pfluger cannot deduct the entire amount claimed by him as legal expenses. At the beginning of 1980, a balance of $886 was outstanding on the July 23, 1979, itemized bill for legal expenses. The March 6, 1980, bill contained additional charges of $940. Thus, in 1980, Dr. Pfluger paid only $1,826 of the legal expenses, and he can deduct only that amount for 1980. The petitioners claim a deduction of $1,192 for interest payments to the United Bank of Illinois. However, this same expense was claimed by the petitoners on their tax return Form 1040, Schedule A, line 19, and the Commissioner has allowed that expense. Therefore, the petitioners' claim is duplicative and not allowable. The petitioners also claim $27,086 in deductions for lab expenses. However, they have not substantiated these expenses *556 except for the amounts paid to Patterson Dental Supply Company and Erickson Dental Laboratory. Deductions for those payments have been allowed, and therefore, the petitioners have failed to show that they are entitled to any additional deduction for lab expenses. The petitioners' claimed deduction for $10,138 for materials expense was not adequately substantiated. The bank statements and cancelled checks offered by the petitioners may establish the fact of payment, but there is no evidence to show that the payments were made for a business purpose. In like manner, the petitioners have failed to substantiate adequately the other claimed deductions. The final issue remaining for decision is whether the petitioners are liable for the addition to tax under section 6653(a). Section 6653(a) provides for an addition to tax where an underpayment of tax is due to negligence or intentional disregard of rules and regulations. See Richardson v. Commissioner,72 T.C. 818 (1979). The petitioners bear the burden of proving that they are not liable for such addition to tax. Rule *557 142(a); Luman v. Commissioner,79 T.C. at 860-861. Dr. Pfluger is a well educated professional person. He had carried out substantial legal investigation prior to his execution of the family trust documents. Therefore, he should have been aware of the multitude of cases against the validity of family trusts and of those cases upholding the constitutionality of the income tax. Additionally, Dr. Pfluger knew that the McKenzies' trusts were being challenged by the Government, and in light of this knowledge, Dr. Pfluger's contention that he relied on the advice of an attorney, whom he did not retain, and a certified public accountant, whose name he cannot recall, is simply not believable.Here, Dr. Pfluger claimed a large deduction for a payment that was never made and for which there was no basis in law.On this record, we find that the petitioners have failed to carry their burden, and we sustain the determination of the Commissioner as to the addition to tax. Vnuk v. Commissioner,621 F.2d 1318, 1321 (8th Cir. 1980), affg. a Memorandum Opinion of this Court; Vercio v. Commissioner,73 T.C. at 1259; Wesenberg v. Commissioner,69 T.C. at 1015. *558 Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue.↩
2. Any reference to a Rule is to the Tax Court Rules of Practice and Procedure.↩
3. See McKenzie Family Estate v. Commissioner,T.C. Memo. 1984-9; Tinsley v. Commissioner,T.C. Memo. 1983-6; Palmateer v. Commissioner,T.C. Memo. 1982-412↩.